BURKE, Chief Justice.
[¶1] Appellant, Bobbi Jenean Steinfeldt, entered guilty pleas to one count of conspiracy to deliver methamphetamine and one count of possession of marijuana with intent to deliver. After entry of the pleas, she sought and obtained a continuance of the sentencing hearing. Shortly before the rescheduled hearing, Ms. Steinfeldt sought another continuance. The district court denied that motion. Ms. Steinfeldt contends that the denial of her motion deprived her of the opportunity to obtain and present evidence in mitigation of her sentence. We affirm.
*419 ISSUE
[¶2] Ms. Steinfeldt presents one issue, which we rephrase:
Did the district court abuse its discretion by denying her motion to continue the sentencing hearing so that she could present additional evidence in mitigation of her sentence pursuant to W.R.Cr.P. 32(c)(1)(C) ?
FACTS
[¶3] In December 2015, the State charged Ms. Steinfeldt with fifteen felony and misdemeanor drug offenses, including possession with intent to deliver methamphetamine, marijuana, and hydrocodone, use of a firearm while in possession of a controlled substance, and conspiracy to deliver methamphetamine. It subsequently filed another Information in a separate docket alleging an additional 16 drug-related offenses. The State then moved to join the thirty-one counts for trial, asserting that the charges arose from related incidents and the same series of transactions. The motion was granted.
[¶4] Prior to trial, the parties reached a plea agreement in which Ms. Steinfeldt agreed to plead guilty to conspiracy to deliver methamphetamine and possession of marijuana with intent to deliver. In return, the State agreed to dismiss all other charges and "cap" its sentencing recommendation at consecutive terms of 13 to 20 years for the conspiracy charge, and 2 to 5 years for the possession charge. The district court accepted the guilty pleas at a change of plea hearing on September 2, 2016. The court scheduled a sentencing hearing for January 9, 2017, and ordered a presentence investigation report. The presentence report was filed on November 23, 2016.
[¶5] Prior to the sentencing hearing, Ms. Steinfeldt retained new counsel. On January 4, 2017, five days before the scheduled sentencing, her new counsel moved for a continuance. The district court granted the motion and sentencing was rescheduled for February 21. Shortly before the rescheduled sentencing hearing, Ms. Steinfeldt changed counsel again. On February 13, 2017, new counsel filed a second motion for continuance asserting, among other things, that additional time was needed to obtain a psychological evaluation.[1] The district court denied the motion.
[¶6] On the day of sentencing, Ms. Steinfeldt renewed her request for a continuance and presented a letter from Dr. Amanda Turlington, a clinical psychologist. In her letter, Dr. Turlington recommended that Ms. Steinfeldt undergo a psychological evaluation. According to Dr. Turlington: "To provide the most effective and efficient treatment, as well as lower her risk of recidivism, it is highly recommended Ms. Steinfeldt receive a full Psychological Evaluation." The district court reviewed Dr. Turlington's letter prior to the hearing. Again, the court denied the request noting that Ms. Steinfeldt had previously been granted a continuance.
[¶7] At the hearing, the State presented the testimony of Special Agent Nicholas Bisceglia of the Division of Criminal Investigation, who provided the context for Ms. Steinfeldt's crimes and outlined her extensive role in the distribution of controlled substances in Carbon, Fremont, and Natrona Counties. He also detailed the significant nature of the drug trafficking network in which Ms. Steinfeldt was involved and the sentences received by some of the other individuals involved. Ms. Steinfeldt spoke on her own behalf, and presented character testimony from her son and sister. The State urged the court to impose consecutive sentences pursuant to the plea agreement. Ms. Steinfeldt sought probation and enrollment in an inpatient treatment program. The district court found that probation was inappropriate. The court determined that consecutive sentences were not warranted, however, and instead imposed concurrent sentences of 13 to 20 years for the conspiracy charge, and 2 to 5 years for the possession charge. This appeal followed.
DISCUSSION
[¶8] As a prelude to our discussion, we note what is not at issue in this appeal. Throughout her brief, Ms. Steinfeldt mentions prior counsel and intimates that her *420 previous attorneys were deficient in their responsibilities. For example, she notes that the trial court
was informed at the Sentencing Hearing that her previous attorneys had not obtained Ms. Steinfeldt's mental health records, her medical records, or otherwise investigated the concerns probation noted in its Presentence Investigation Report. ... Not one of these attorneys had Ms. Steinfeldt evaluated by a mental health professional as part of the investigation of her conduct.
However, as she does not raise a claim of ineffectiveness of counsel in this appeal, we give the matter no further consideration. The only issue for us to decide is whether the district court erred when it denied her request for additional time to obtain a psychological evaluation.
[¶9] We review a decision to grant or deny a continuance applying the following standard of review:
We have consistently held that the grant or denial of a motion for continuance is a discretionary ruling of the district court and, unless a clear showing of an abuse of discretion resulting in manifest injustice has been shown by the challenging party, we will not disturb that ruling. Sincock v. State , 2003 WY 115, ¶ 25, 76 P.3d 323, 333-34 (Wyo. 2003) ; Clearwater v. State , 2 P.3d 548, 553 (Wyo. 2000). The determination of whether the district court abused its discretion in refusing to grant a continuance is highly dependent upon the facts and circumstances of the individual case. Sincock , ¶ 25, 76 P.3d at 333. On review, our primary consideration is the reasonableness of the district court's decision. Id.
Griggs v. State , 2016 WY 16, ¶ 75, 367 P.3d 1108, 1131-32 (Wyo. 2016) (quoting Grady v. State , 2008 WY 144, ¶ 18, 197 P.3d 722, 729 (Wyo. 2008) ).
[¶10] Ms. Steinfeldt notes that, pursuant to W.R.Cr.P. 32(c)(1)(C), she has a right to present mitigation evidence at sentencing.[2] She contends that an evaluation might have resulted in potentially mitigating evidence that she should have been able to present prior to the imposition of sentence. The proposed psychological evaluation would have provided context for her conduct, and was, she asserts, a "factor important to the sentencing determination" under W.R.Cr.P. 32(c)(1). She claims that a meaningful sentencing hearing would have included evidence related to her mental health and medical records, and asserts that she may have received a reduced or an alternative sentence with such mitigating evidence. According to Ms. Steinfeldt: "The possibility that the presentation of evidence after a complete psychological evaluation could have affected the sentence, even if it was only a slight reduction in the sentence, cannot be excluded."
[¶11] When considering whether the district court abused its discretion in denying the motion for continuance, we are primarily concerned with the reasonableness of the district court's decision. Based upon our review of the record, we cannot conclude that the decision denying the motion for continuance was unreasonable. Charges were initiated against Ms. Steinfeldt in December 2015. She entered her guilty pleas on September 2, 2016. The presentence investigation report was filed in November 2016. This report chronicled Ms. Steinfeldt's personal history and characteristics, including her prior criminal record, substance abuse history, *421 and physical and mental health. The report indicated that Ms. Steinfeldt had experienced depression, anxiety, and suicidal ideations, and that she had taken medication to treat her anxiety and depression. The report further noted that Ms. Steinfeldt had presented with symptoms that "cause clinically significant distress or impairment in social, occupational, or other important areas of functioning."
[¶12] To the extent that Ms. Steinfeldt's psychological history was a relevant consideration for sentencing, or that a psychological evaluation might be warranted, those facts were apparent upon the filing of the presentence report in November. However, it appears that Dr. Turlington was not contacted until February 2017. She performed her "brief review of records" on February 17, 2017, and issued her report on February 20, 2017, one day prior to the rescheduled sentencing hearing.
[¶13] Significantly, the language of W.R.Cr.P. 32(c)(1) provides the trial court with discretion in deciding whether to grant a continuance. It provides that the sentence shall be imposed without unnecessary delay, "but the court may , when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved." (Emphasis added.) Even when a psychological report might be important to the sentencing, this rule does not require the trial court to postpone sentencing to give a defendant more time to prepare such a report.
[¶14] That was the essence of our decision in Hirsch v. State , 2006 WY 66, 135 P.3d 586 (Wyo. 2006). In that case, the district court ordered the defendant to obtain a psychological evaluation after accepting his guilty plea. Id. , ¶ 28, 135 P.3d at 597. Several weeks prior to the scheduled sentencing, the defendant sought and obtained a continuance because the evaluation had not been completed. Id. At the sentencing hearing four months later, the defendant again sought to postpone the sentencing so he could obtain a report of his evaluation, claiming for the first time that he did not have the ability to pay for the report. Id. We affirmed the denial of defendant's motion for a second continuance, noting that the defendant had missed two deadlines for submitting the evaluation and that sentencing had previously been continued at the defendant's request. Id.
[¶15] As in Hirsch , Ms. Steinfeldt had previously sought and obtained a postponement of the sentencing hearing. As in Hirsch , Ms. Steinfeldt had several months following her guilty plea in which a psychological evaluation could have been completed. Ms. Steinfeldt's case differs from Hirsch , however, in that the court had ordered Mr. Hirsch to complete an evaluation, suggesting that the court believed such an evaluation was an important factor in sentencing. Ms. Steinfeldt did not convince the district court that her psychological evaluation would be important to the sentencing decision.
[¶16] Prior to ruling on the renewed motion for a continuance, the district court reviewed the letter from Dr. Turlington and heard argument from counsel. In her letter, Dr. Turlington opined that Ms. Steinfeldt would benefit from a full psychological evaluation. Her primary concern was that, in light of Ms. Steinfeldt's history of substance abuse, she had been carelessly prescribed benzodiazepines and psychotropic medications by her medical providers to treat her anxiety and depressive disorders. She indicated that her opinion was based on a "brief review of records." The court denied the motion, stating as follows:
Let me discuss [Dr. Turlington's letter and the renewed motion for continuance]. And I will place on the record that by my count you are the fifth lawyer appearing in this case who has represented Ms. Steinfeldt, and at least one of the earlier lawyers has moved to continue the sentence, which was granted. And I think perhaps there were one or two other motions for a continuance. And that is, at least in part, why your motion was, in fact, denied.
Now, the Court has received, today, the report of Meridian Psychological, LLC, Dr. Turlington, and has reviewed its contents. I assume the State has received that as well.
*422 [¶17] Neither Dr. Turlington's report, nor Ms. Steinfeldt's motion, indicated how her treatment history or her anxiety and depressive disorders may have affected her behavior in any way that might influence the court's sentencing determination. She has provided no such explanation to us on appeal. Again, she failed to convince the district court that her psychological evaluation would be important to sentencing, and she has not convinced us that the district court erred. Under these circumstances, we find no abuse of discretion in the district court's denial of her motion for a continuance.
[¶18] As a finale to our discussion, we note that Ms. Steinfeldt's assertion that her right to allocution was violated is not supported by the record. The record unequivocally establishes that Ms. Steinfeldt was provided the opportunity to address the court personally at the hearing prior to the imposition of sentence. She availed herself of this opportunity, and also presented testimony from other witnesses. While she was not able to present evidence of a psychological evaluation, the district court did nothing during the sentencing hearing to prevent such evidence. The evaluation simply had not been prepared in time for the hearing and, under the circumstances, the district court did not abuse its discretion in refusing to allow Ms. Steinfeldt additional time to fill that gap.
[¶19] Affirmed.

In conjunction with the motion, Ms. Steinfeldt executed a Waiver of Speedy Sentencing Hearing .

W.R.Cr.P. 32(c)(1)(C) provides as follows:
(c) Sentence .-
(1) Imposition.-Sentence shall be imposed without unnecessary delay, but the court may, when there is a factor important to the sentencing determination that is not then capable of being resolved, postpone the imposition of sentence for a reasonable time until the factor is capable of being resolved. Prior to the sentencing hearing, the court shall provide the counsel for the defendant and the attorney for the state with a copy of the probation officer's report. Pending sentence, the court may continue or alter the defendant's bail or may confine the defendant. At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the state an opportunity to comment upon the probation officer's report and on other matters relating to the appropriate sentence. Before imposing sentence, the court shall also:
...
(C) Address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence.